# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 97-40250
Summary Calendar

WILLIAM P. MAHER,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(C-95-CV-406)

August 8, 1997

Before POLITZ, Chief Judge, WIENER and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:[*]

William P. Maher, a *pro se* litigant, appeals an adverse summary judgment in his employment discrimination complaint against the Texas Department of Transportation. For the reasons assigned we vacate and remand.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court concluded that Maher failed to file a complaint within 90 days of receiving an EEOC right to sue letter, as required by Title VII of the Civil Rights Act of 1964[1] and the Age Discrimination in Employment Act.[2] Maher received a right to sue letter on March 30, 1995. On June 14, 1995 he filed an application to proceed *in forma pauperis*, simultaneously submitting to the clerk of the district court his complaint alleging discrimination on the basis of sex, age, and national origin. The pleading was stamped that date as "Received." On August 11, 1995 the request for IFP was granted and the complaint was stamped "filed."

The district court apparently considered Maher's complaint as filed on August 11. We have observed that "[c]lerical delay in the formal filing of [an] *in forma pauperis* complaint should not affect the operative event, that is, the receipt of the complaint by the court."[3] In cases with similar facts, we have concluded that equity cannot permit a plaintiff to be prejudiced by the administrative delay inherent in the nature of such suits.[4]

In the instant case, the district court denied defendant's Rule 12(b)(6) motion

---

[1] 42 U.S.C. § 2000e-5(f)(1).

[2] 29 U.S.C. § 626(e).

[3] **Martin v. Demma**, 831 F.2d 69, 71 (5th Cir. 1987) (per curiam).

[4] **Ynclan v. Department of the Air Force**, 943 F.2d 1388 (5th Cir. 1991); **Hernandez v. Aldridge**, 902 F.2d 386 (5th Cir. 1990); **Martin**.

to dismiss during a status conference on May 31, 1996. The court's notes from the conference reflect that Maher's "complaint was timely filed" and that Maher was ordered "to re-file a complaint more clearly stating his allegations" within 10 days. Based on the record before us we cannot determine why the district court later concluded that the complaint was not timely despite its submission on the day the IFP application was filed, well within the requisite 90 days from receipt of the right to sue letter.

We therefore VACATE the order of the district court and REMAND for a reexamination to determine whether Maher's complaint was submitted to the clerk for filing within the statutory time period. Maher's motion to supplement the record on appeal is DENIED as moot.